IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

THOMAS MOWREY,

      Plaintiff,

v.                                                                      No. 2:23-cv-0847-DLM

JENNIFER E. DELANEY,

      Defendant.

**MEMORANDUM OPINION AND ORDER FOR AMENDED COMPLAINT
AND ORDER TO CURE DEFICIENCY**

**THIS MATTER** is before the Court on *pro se* Plaintiff's Complaint and Request for Injunction, filed September 27, 2023 (Doc. 1 (Compl.)), and Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form), filed September 27, 2023 (Doc. 2.)

**I.    The Complaint**

According to the Complaint, Defendant DeLaney, who is a district judge of the Sixth Judicial District, State of New Mexico, entered an order that prohibits the general public from bringing cell phones, tablets and other camera/recording-capable electronic devices into the courthouse. (*See* Compl. at 7–8.) Plaintiff, who indicates he is a reporter for Free Peoples Press, alleges that the order violates the First Amendment, which permits "filming in public," and that the order "gives court security guards the ability to violate" the Fourth Amendment's prohibition against searches and seizures without probable cause or a warrant. (*See id.* at 1, 3, 5.) Plaintiff seeks an injunction "to prevent now and future potent[i]al violation[s] by the order by the

defendant." (*See id.* at 5.) It appears that Plaintiff may seek monetary damages. (*See id.* at 4 (regarding the amount in controversy, Plaintiff states "not at this time"), 5 (regarding relief, Plaintiff states "damages should be awarded by a jury in which the Plaintiff will seek at the time of the lawsuit to be filed with all the parties at a future date").)

Plaintiff appears to assert claims pursuant to 42 U.S.C. § 1983, which provides a remedy for the deprivation of a federally protected right by an actor acting under color of state law. Section 1983 states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, *except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.* For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

42 U.S.C. § 1983 (emphasis added).

The Complaint should be dismissed for failure to state a claim upon which relief can be granted. Plaintiff seeks injunctive relief against a state-court judge but does not allege facts showing that a declaratory decree was violated or declaratory relief was unavailable. *See Catanach v. Thomson*, 718 F. App'x 595, 599 (10th Cir. 2017) ("Section 1983 expressly disallows injunctive relief against a judicial officer 'for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable.'") (quoting *Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011)). As for the monetary damages Plaintiff may seek, "state court judges are absolutely immune from monetary damages claims for actions taken in their judicial capacity, unless the actions are taken in the complete absence of all jurisdiction." *Sawyer*

*v. Gorman*, 317 F. App'x 725, 727 (10th Cir. 2008) (*quoting Mireles v. Waco*, 502 U.S. 9, 11–12 (1991)); *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (articulating broad immunity rule that a "judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority"). Plaintiff must file an amended complaint or this case will be dismissed.

## II.     Application to Proceed in District Court Without Prepaying Fees or Costs

Plaintiff filed an Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form).( *See* Doc. 2.) The Short Form Application does not provide sufficient information for the Court to determine whether a plaintiff is unable to pay the required fees. The Court requires plaintiffs seeking to proceed without prepaying fees to file the Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) ("Long Form Application"). Failure to file a Long Form Application within 21 days from entry of this Order *or* failure to follow all instructions in the Long Form Application may result in denial of Plaintiff's request to proceed in this Court without prepaying fees or costs.

**IT IS ORDERED** that:

(i)     Plaintiff shall, within 21 days of entry of this Order, file an amended complaint. Failure to timely file an amended complaint may result in dismissal of this case.

(ii)    Plaintiff, shall, within 21 days of entry of this Order, file an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form). Failure to timely file the Long Form Application may result in denial of Plaintiff's request to proceed in this Court without prepaying of fees and costs.

(iii)   The Clerk shall send to Plaintiff a copy of this Order and an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form).

_____
DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE