IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

THOMAS MOWREY,

      Plaintiff,

v.                                                                                                   No. 2:23-cv-00847-KG-DLM

JENNIFER E. DELANEY,

      Defendant.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

      Defendant DeLaney, who is a district judge of the Sixth Judicial District, State of New Mexico, entered an order that prohibits the general public from bringing cell phones, tablets and other camera/recording-capable electronic devices into the courthouse. *See* Complaint at 7-8. Plaintiff, who indicates he is a reporter for Free Peoples Press, alleged that the order violates the First Amendment which permits "filming in public" and that the order "gives court security guards the ability to violate" the Fourth Amendment's prohibition against searches and seizures without probable cause or a warrant. Complaint at 1, 3, 5. Plaintiff seeks an injunction "to prevent now and future potent[i]al violation[s] by the order by the defendant" and monetary damages. Complaint at 4-5. Plaintiff appears to assert claims pursuant to 42 U.S.C. § 1983 which provides a remedy for the deprivation of a federally protected right by an actor acting under color of state law. Section 1983 states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, *except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was*

*violated or declaratory relief was unavailable*. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

42 U.S.C. § 1983 (emphasis added).

United States Magistrate Judge Damian L. Martinez notified Plaintiff that:

The Complaint should be dismissed for failure to state a claim upon which relief can be granted. Plaintiff seeks injunctive relief against a state-court judge but does not allege facts showing that a declaratory decree was violated or declaratory relief was unavailable. *See Catanach v. Thomson*, 718 Fed.Appx. 595, 599 (10th Cir. 2017) ("Section 1983 expressly disallows injunctive relief against a judicial officer 'for an act or omission taken in such officer's judicial capacity ... unless a declaratory decree was violated or declaratory relief was unavailable.'") (citing *Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011)). As for the monetary damages Plaintiff may seek, "state court judges are absolutely immune from monetary damages claims for actions taken in their judicial capacity, unless the actions are taken in the complete absence of all jurisdiction." *Sawyer v. Gorman*, 317 Fed.Appx. 725, 727 (10th Cir. 2008) (*quoting Mireles v. Waco*, 502 U.S. 9, 11-12 (1991)); *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (articulating broad immunity rule that a "judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority").

Order for Amended Complaint at 2-3, Doc. 5, filed September 29, 2023. Judge Martinez ordered Plaintiff to file an amended complaint. *See* Order for Amended Complaint at 3.

Plaintiff amended his Complaint to add claims pursuant to the New Mexico Civil Rights Act. *See* Amended Complaint at 4-5, Doc. 6, filed October 17, 2023. Plaintiff asserts that Defendant does not have immunity under the New Mexico Civil Rights Act. *See* Amended Complaint at 5. The Amended Complaint also asserts claims pursuant to the First Amendment, "filming in public spaces," and the Fourth Amendment, "Illegal seizure of filming equipment personal property," "illegal seizure of movement of the plaintiff," and "illegal seizure of movement of a working service animal." Amended Complaint at 3. Plaintiff "seeks only an injunction" and states he "will seek damages up to two million dollars in state court" pursuant to the New Mexico Civil Rights Act. Amended Complaint at 4-5.

The New Mexico Civil Rights Act provides:

(i) "A public body or person acting on behalf of, under color of or within the course and scope of the authority of a public body shall not subject or cause to be subjected any resident of New Mexico or person within the state to deprivation of any rights, privileges or immunities *secured pursuant to the bill of rights of the constitution of New Mexico*, N.M.S.A. § 41-4A-3(A) (emphasis added);

(ii) "A person who claims to have suffered a deprivation of any rights, privileges or immunities *pursuant to the bill of rights of the constitution of New Mexico* due to acts or omissions of a public body or person acting on behalf of, under color of or within the course and scope of the authority of a public body may maintain an action to establish liability and recover actual damages and equitable or injunctive relief *in any New Mexico district court*," N.M.S.A. § 41-4A-3(B) (emphasis added);

(iii) "Claims brought pursuant to the New Mexico Civil Rights Act shall be brought exclusively *against a public body*. Any public body named in an action filed pursuant to the New Mexico Civil Rights Act shall be held liable for conduct of individuals acting on behalf of, under color of or within the course and scope of the authority of the public body," N.M.S.A. § 41-4A-3(C) (emphasis added);

(iv) "In any claim for damages or relief under the New Mexico Civil Rights Act, no public body or person acting on behalf of, under color of or within the course and scope of the authority of a public body shall enjoy the defense of qualified immunity for causing the deprivation of any rights, privileges or immunities *secured by the bill of rights of the constitution of New Mexico*," N.M.S.A. § 41-4A-4 (emphasis added); and

      (v)      "The state shall not have sovereign immunity for itself or any public body within the state for claims brought pursuant to the New Mexico Civil Rights Act, and the public body or person acting on behalf of, under color of or within the course and scope of the authority of the public body provided pursuant to the New Mexico Civil Rights Act shall not assert sovereign immunity as a defense or bar to an action," N.M.S.A. § 41-4A-4.

As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"); *Evitt v. Durland*, 243 F.3d 388 *2 (10th Cir. 2000) ("even if the parties do not raise the question themselves, it is our duty to address the apparent lack of jurisdiction sua sponte") (quoting *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 843 (10th Cir.1988).

Plaintiff has not alleged facts supporting the Court's jurisdiction over his claims pursuant to the New Mexico Civil Rights Act. It appears the Court does not have jurisdiction over Plaintiff's claims pursuant to the New Mexico Civil Rights Act because the Act provides that a person "may maintain an action to establish liability and recover actual damages and equitable or injunctive relief *in any New Mexico district court*." N.M.S.A. § 41-4A-3(B) (emphasis added). The Court also notes that the Amended Complaint fails to state a claim against Defendant DeLaney pursuant to the New Mexico Civil Rights Act because the Act provides that claims "brought pursuant to the New Mexico Civil Rights Act shall be brought exclusively *against a public body*." N.M.S.A. § 41-4A-3(C) (emphasis added).

The Amended Complaint fails to state claims against Defendant DeLaney pursuant to 42 U.S.C. § 1983 for violations of Plaintiff's rights under the United States Constitution and other federal law.  Judge Martinez notified Plaintiff that Judge DeLaney, as a state-court judge, is immune from suit for monetary damages for actions taken in her judicial capacity unless her actions were taken in the complete absence of all jurisdiction and that Section 1983 expressly disallows injunctive relief against a judicial officer for an act or omission taken in such officer's judicial capacity unless a declaratory decree was violated or declaratory relief was unavailable.  The Amended Complaint does not contain any factual allegations showing Defendant DeLaney acted in the complete absence of jurisdiction or that a declaratory decree was violated or declaratory relief was unavailable.  Plaintiff appears to rely on the New Mexico Civil Rights Act's waiver of sovereign immunity, but the New Mexico Civil Rights Act only applies to claims based on deprivation of rights secured *"pursuant to the bill of rights of the constitution of New Mexico."* N.M.S.A. § 41-4A-3(A); N.M.S.A. § 41-4A-3(B); N.M.S.A. § 41-4A-4.  The New Mexico Civil Rights Act does not waive sovereign immunity for claims brought for deprivations of rights secured by the United States Constitution or other federal law.

The Court dismisses Plaintiff's federal law claims against Defendant DeLaney and, to the extent the Court has jurisdiction over any state-law claims, the Court declines to exercise supplemental jurisdiction over Plaintiff's state-law claims.  See 28 U.S.C. § 1367(c)(3) ("The districts courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction").  The Court denies Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 7, filed October 17, 2023, as moot because the Court is dismissing this case.

**IT IS ORDERED** that:

(i)  This case is **DISMISSED without prejudice.**

(ii) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 7, filed October 17, 2023, is **DENIED.**

_____
UNITED STATES DISTRICT JUDGE